UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**AILYN GUERRA,**

    **Plaintiff,**

v.   CASE NO.:

**THE MISSING PEACE, INC. and
JENNIFER RAPP, an individual,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AILYN GUERRA, by and through undersigned counsel, brings this action against Defendants, THE MISSING PEACE, INC. and JENNIFER RAPP in her individual capacity ("Defendants"), and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Miami-Dade County, Florida.

### PARTIES

4. Plaintiff is a resident of Miami-Dade County, Florida.

5. Defendant THE MISSING PEACE operates an education company in Miami Shores, Miami-Dade County, Florida.

6. Defendant JENNIFER RAPP owns Defendant THE MISSING PEACE.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Defendant THE MISSING PEACE was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant THE MISSING PEACE continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant THE MISSING PEACE was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, Defendant THE MISSING PEACE was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendant THE MISSING PEACE exceeded $500,000 per year.

16. Defendant JENNIFER KAPP is the owner of Defendant THE MISSING PEACE.

17. As part of his duties, Defendant JENNIFER KAPP supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant JENNIFER KAPP also controlled the payroll practices of Defendant THE MISSING PEACE.

18. Through the exercise of dominion and control over all employee-related matters at DEFENDANT THE MISSING PEACE, in his her individual capacity JENNIFER KAPP is also an "employer" within the meaning of the FLSA.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

20. Plaintiff began working for Defendants as an Executive Assistant in January 2019, and she worked in this capacity until April 2021.

21. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

22. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

23. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 27th day of May, 2022.

                                              Respectfully submitted,

                                              */s/ Luis A. Cabassa*

                                              **LUIS A. CABASSA**
                                              Florida Bar Number: 0053643
                                              **WENZEL FENTON CABASSA, P.A.**
                                              1110 N. Florida Avenue, Suite 300
                                              Tampa, Florida 33602
                                              Main Number: 813-224-0431
                                              Direct Dial: (813) 379-2565
                                              Facsimile: 813-229-8712
                                              Email: lcabassa@wfclaw.com
                                              Email: gnichols@wfclaw.com
                                              **Attorneys for Plaintiff**